Affirmed and Majority, Concurring, and Dissenting Opinions filed
January 31, 2007








Affirmed
and Majority, Concurring, and Dissenting Opinions  filed January 31, 2007.

 

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-04-00183-CV

_______________

 

GUILLERMINA MOSQUEDA, Appellant

 

V.

 

G & H DIVERSIFIED MFG., INC., EDWARD KASH, KASH
FAMILY PARTNERSHIP and KASH HOLDINGS L.L.C., Appellees

                                                                                              
                                                 

On Appeal from 281st District Court

Harris County, Texas

Trial Court Cause No. 02‑14362

                                                                                                                 
                              

 

C O N C U R R I N G   O P I N I O N

 

Like other jurists before me, I take Athe unusual, but not unprecedented,
step of concurring to my own opinion in order to add some further observations.@  Thurman v. State, 861 S.W.2d
96, 101 (Tex. App.CHouston [1st Dist.] 1993, no pet.); see also Vargas v.
State, 838 S.W.2d 552, 557B58 (Tex. Crim. App. 1992) (Benavides, J., concurring to his
own majority opinion). 








In his dissenting opinion in Hoffman,
Chief Justice Walker justifiably expressed his frustration with the Supreme
Court=s failure to Acandidly and expressly overrule prior
holdings.@  See Hoffman v. Trinity Indus., Inc. 979 S.W.2d 88, 92 n.4 (Tex.
App.CBeaumont 1998, pet. dism=d) (Walker, C.J., dissenting). I
note, however that this is a complicated area of the law.  In its motion for
JNOV, G & H contends Mosqueda failed to adduce evidence that the right of
control provisions in the contract between Pacesetter and G & H were a
sham.  In other words, to avoid the contract, Mosqueda was required to present
evidence that the parties ignored the right of control provisions.  The
requirement of proof that right of control provisions are a sham was first
announced in  Newspaper Inc. v. Love, 380 S.W.2d 582, 590 (Tex. 1964).
This case and the authority cited by the Court in support of the rule involved
liability for injury to third parties, not an employer=s liability for injury to an
employee.  The statutory and common law relative to an employer=s legal duties to an employee has
evolved significantly since the 1960's. Considering the non-delegable duties
assigned to employers and the fact that worker=s compensation insurance is not
mandatory in Texas, our courts should proceed with caution in defining the
circumstances under which putative employers might be allowed to execute
agreements shifting or attempting to circumvent financial responsibility. 

 

 

 

/s/        Charles
Seymore

Justice

 

 

Judgment rendered and Majority,
Concurring, and Dissenting Opinions filed January 31, 2007.

Panel consists of Justices Edelman,
Frost, and Seymore.  (Seymore, J., majority) (Edelman, J., dissenting).